# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNIFIRST CORPORATION** ) <br> **68 Jonspin Road** ) <br> **Wilmington, MA 01887** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>     v. ) <br> ) <br> **POWER HOME SOLAR LLC** ) <br> **919 North Main Street, Suite 200** ) <br> **Mooresville, NC 28115** ) <br> ) <br> <u>**Serve on Resident Agent**</u>**:** ) <br> **The Company Corporation** ) <br> **251 Little Falls Drive** ) <br> **Wilmington, DE 19808** ) <br> ) <br>     **Defendant.** ) | Case No. |

## COMPLAINT TO CONFIRM FINAL ARBITRATION AWARD AND FOR JUDGMENT

Plaintiff UniFirst Corporation, by and through undersigned counsel, hereby requests the Court to confirm the final arbitration award made in favor of Plaintiff and against Defendant Power Home Solar LLC and enter judgment for the amount of the award, and respectfully states the following:

## PARTIES

1. Plaintiff UniFirst Corporation ("UniFirst") is a Massachusetts corporation that provides uniform rental and facility services from commercial laundry and distribution facilities throughout the United States and Canada. UniFirst is a citizen of the Commonwealth of Massachusetts.

2. Defendant Power Home Solar LLC ("PHS") is a Delaware limited liability company that operates a solar power business from its corporate headquarters located at 919 North Main Street, Suite 200, Mooresville, North Carolina 28115 and other offices across the United States. PHS is a citizen of the states of Delaware and North Carolina.

## DIVERSITY JURISDICTION AND VENUE

3. This is an action to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. The parties agreed to arbitrate all disputes and agreed that the FAA shall apply to all disputes arising under or relating to their contractual relationship.

4. This Court possesses subject matter jurisdiction over all claims pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the matter in controversy exceeds $75,000.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1) because it is a judicial district in which the Defendant resides.

## BACKGROUND

6. UniFirst and PHS entered into a Customer Service Agreement (the "Agreement," Exhibit 1) effective as of November 14, 2018 for the provision of uniform and mat rental services to be used in the operation of PHS's business. The Agreement was a master agreement intended to apply to PHS's offices located in North Carolina, Virginia, Pennsylvania, Ohio, Indiana and Michigan.

7. PHS unilaterally and without justification terminated the Agreement, failed to pay UniFirst amounts due for services rendered, and failed to pay UniFirst for certain unreturned and damaged merchandise, as required under the terms of the Agreement.

8. After the parties were unable to settle their dispute, UniFirst filed a demand for arbitration with the American Arbitration Association ("AAA"), naming PHS as the respondent in the arbitration proceeding.

9. AAA appointed Carl Horn, III, Esquire (the "Arbitrator") to conduct the arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The arbitration was held on July 30, 2020. Both parties were represented by counsel.

10. On or about August 5, 2020, the Arbitrator made and sent to the parties an Award in favor of UniFirst and against PHS and ordered PHS to pay UniFirst $126,736.84 (the "Award," Exhibit 2) "in full settlement of all claims submitted in this Arbitration."

11. PHS has refused to pay the Award, which was due and payable immediately.

## COUNT I

12. UniFirst incorporates by reference the allegations set forth in paragraphs 1-11.

13. The FAA states that within one year of the date of an arbitration award, any party may apply for a judicial order confirming the award, "and thereupon the Court *must grant* such an order" unless the limited grounds set forth in 9 U.S.C. §§ 10 or 11 exist for vacating, modifying, or correcting it. 9 U.S.C. §§ 9, 13 (emphasis added).

14. The Award was rendered by an unbiased Arbitrator, who gave all parties ample opportunity to be heard and present evidence. Defendant waived any objection to the jurisdiction of the AAA or the Arbitrator by pursuing the arbitration without objection. Because the Award has not, and should not, be vacated, modified, or corrected, the Court must confirm the Award and enter judgment in favor of UniFirst and against PHS for the full amount of the Award.

WHEREFORE, UniFirst requests that this Court confirm the Award and enter a Judgment in favor of UniFirst and against PHS, as follows:

i) $126,736.84, the amount of the Award; and

ii) Such further and other legal and equitable relief as this Court determines.

Respectfully submitted,

**LERCH, EARLY & BREWER, CHTD.**

By: /s/ Emily B. Hagan
Emily B. Hagan, Esq. (Bar #6038)
7600 Wisconsin Avenue, Suite 700
Bethesda, Maryland 20814
Telephone: (301) 347-1267
Facsimile: (301) 347-3350
ebhagan@lerchearly.com

*Counsel for Plaintiff UniFirst Corporation*

Dated:  August 24, 2020